Richard J. Sherman, J.
On July 22,1958, Maria Voordeckers Cleaves presented a petition to this court, praying that the custody of Mary Gertrude Cleaves, a child, be continued during the term of said order of support and protection, pursuant to the order of the Appellate Division; and alleging that respondent has failed to furnish, in accordance with his means and ability, fair and reasonable support for petitioner and the child for whose support respondent is chargeable, having provided nothing since on or about April 18, 1958.
It is necessary to review the proceedings to date. A previous order of this court granted custody of the child to the petitioner herein; and the respondent was directed to pay for the support of the child and Maria Voordeckers Cleaves, the wife of the respondent, and the stepmother and aunt of said child.
Subsequently, the respondent obtained a writ of habeas corpus from the Honorable Willard L. Best, Justice of the Supreme Court, and by his order, custody of the child was granted to the respondent herein. This order as a matter of course superseded the order of the Children’s Court and the support order in that court was cancelled.
Upon appeal to the Appellate Division-, the order of the Honorable Willard L. Best, Justice of the Supreme Court, was reversed. (Matter of Cleaves, 6 A D 2d 138.) I quote a portion of the opinion: ‘ ‘ Upon our finding that defendant has established not only the petitioner’s [the father] parental unfitness but his abandonment of his custodial rights as well, we turn to the remaining issue. That the child’s welfare would be promoted by the award of custody to defendant is clear. * * * The order should be reversed, on the law and the facts, the writ dismissed, and custody awarded to defendant [petitioner herein].”
On July 25, 1958, trial was held in the present nonsupport case. Petitioner appeared by Sheridan P. Wait, Esq., and respondent by George F. Perkins, Esq.
The respondent by his attorney demanded custody of the child; and objected to the support proceeding on the ground that the order of Honorable Willard L. Best, Justice of the Supreme Court, still prevailed upon the question of custody in that order of the Appellate Division did not grant custody to *220 the petitioner herein and submitted that the child is not in the custody of Mrs. Cleaves, the petitioner. Thereupon, the respondent served a notice of appeal from the decision of the Appellate Division on the attorney for the petitioner. The court denied the motion, for it appears that the child is with the petitioner and further that the findings of the Appellate Division were:
“ 1. Petitioner-respondent-appellant [father] is an unfit person to have custody of said infant.
“ 2. Petitioner [father] abandoned his rights to the custody of said infant.
“ 3. The welfare of said infant will be promoted by continuance of her custody in defendant-appellant-respondent [the stepmother and aunt of said child].”
Surely, counsel does not suggest that this court of inferior jurisdiction should disagree with or act contrary to the findings of the Appellate Division.
Testimony was taken in the present proceeding. It appears that the child has been with petitioner since on or about June 28, 1958, and that the respondent has failed to furnish support for said child since that date. No testimony was offered by respondent. It makes little difference as t o whether or not the order of the Honorable Willard L. Best was in effect for part of the time or whether or not the order of the Appellate Division was in effect. The child being with the petitioner, petitioner was entitled to support for said child. It makes little difference whether the failure to support was from April 18, 1958 or June 28,1958. It is the duty of this court to see that the child is now properly supported by those responsible for the child’s support, maintenance, and education. This will be done, and all other matters within the purview of the order and findings of the Appellate Division will be carried out in accordance with such order and findings.
Nowhere in the testimony in this proceeding do I find any proof as to the support needs of petitioner as to herself.
Accordingly, Clarence Cleaves, Jr., the respondent, is declared legally chargeable and responsible for the support of his child, Mary Gertrude Cleaves, and directed to pay to the Saratoga County probation department, 31 Woodlawn Avenue, Saratoga Springs, New York, to be forwarded to Maria Voordeckers Cleaves, the petitioner, the sum of $16 per week, in advance on Friday of each and every week, commencing on Friday, August 1, 1958, for the care, support, maintenance, and education of said child; and that during the term of this order of support and protection, the custody of Mary Gertrude Cleaves, the *221 above-named child, is awarded to the said petitioner, Maria Voordeekers Cleaves, her stepmother.
Mary Gertrude Cleaves, the said child, is not to be removed from the jurisdiction of this court by the petitioner, Maria Voordeekers Cleaves, her stepmother.
Order granted in accordance with this decision.